IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24-104-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| JOSEPH DAVID WIPF, | |
| Defendant. | |

Defendant Joseph David Wipf moves to dismiss the Indictment charging him of being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(8). (Docs. 19, 20). The Government opposes the motion. (Doc. 28).

The motion is ripe for review and for the following reasons, the Court denies Wipf's motion.

I.    **Background**

*A.    Wipf's State Court Arraignment*

On May 31, 2022, Defendant Joseph Wipf was arraigned in Garfield County, Colorado for driving under the influence and for obstruction of telephone service. (Doc. 20-1). In Colorado, obstruction of telephone service is a class 1 misdemeanor in violation of Colorado Revised Statute § 18-9-306.5. Because Wipf was charged with a criminal violation under Colorado's Title 18, the state district court imposed

1

a mandatory protection order at his arraignment. Colo. Rev. Stat. § 18-1-1001(1)–(2) (2022). ("There is created a mandatory protection order against any person charged with a criminal violation of the any of the provisions of this title 18 . . . .").

The Honorable Jonathan Shamis presided at Wipf's arraignment. Wipf was represented by counsel. Pursuant to Title 18, Judge Shamis informed Wipf of the protective order, stating, "I will impose the mandatory protection order protecting Joan Kuheim." (Doc. 20-1 at 5). Judge Shamis then read the protective order terms into the record which prohibited Wipf's contact with the victim and prohibited Wipf from possessing firearms. Once the terms were read, Wipf addressed the court,

THE DEFENDANT: Is that the protection order you said?

THE COURT: Yes, what about the protection order?

THE DEFENDANT: That there is one.

THE COURT: Yes, that's what I just read to you, the terms of it.

(*Id.* at 6). Wipf then clarified with the Judge about whether he was permitted to drive a vehicle.[1]

B.    *The Instant Offense*

Here, the Indictment alleges that on or about January 12, 2024, Wipf, knowing he was subject to a court order, possessed a firearm in and affecting interstate commerce in violation of 18 U.S.C. § 922(g)(8). (Doc. 2). The Indictment states

---

[1] The parties provided an excerpt of the hearing transcript. (Doc. 20-1). The excerpt ends after Wipf clarifies with Judge Shamis about driving.

that Wipf participated in a hearing related to the court order for which he received actual notice of and at which he had an opportunity to participate.

On October 4, 2024, Wipf was arraigned in federal court and pled not guilty to the § 922(g)(8) charge. (Doc. 5). Wipf now argues that the Colorado state court hearing—the imposition of the mandatory protective order—did not meet the federal hearing requirements under § 922(g)(8) because he did not have an "opportunity to participate." (Doc. 20 at 5). Wipf moves to dismiss the Indictment under Federal Rules of Criminal Procedure 12(b)(1) and 12(b)(3)(B)(v) for failure to state an offense.

## II.    Legal Standard

Federal Rule of Criminal Procedure 12(b)(1) provides that a party may raise by pretrial motion any defense, objection, or request that the Court can determine without a trial on the merits. A pretrial motion is proper when it involves questions of law rather than fact. *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). The Court has determined Wipf's motion is appropriate for pre-trial resolution because it solely involves a question of law.

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) provides that a defendant may move to dismiss an indictment for failure to state an offense. "In ruling on a pretrial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278

F.3d 911, 914 (9th Cir. 2002). "[T]he court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id.*

## III.  Analysis

Section 922(g)(8) provides in pertinent part that it is unlawful for any person to possess a firearm or ammunition when that person is subject to a court order that "was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate." 18 U.S.C. § 922(g)(8)(A). The parties dispute whether Colorado's mandatory protective order satisfies the federal requirements of a court order issued "after" a hearing at which a person had "an opportunity to participate." (Doc. 28 at 4; Doc. 20 at 6–9; Doc. 33).

First, Wipf argues that Colorado's imposition of a mandatory protective order caused him to forfeit an "opportunity to participate" provided the nature of the hearing and the nature of the mandatory order under Colorado law. (Doc. 20 at 9). Wipf states he had neither an opportunity to object to the entry of the order nor the opportunity to engage in discussing the merits of the order. (*Id.* at 7). Second, Wipf argues that Colorado's mandatory protective order fails to meet § 922(g)(8)(A)'s requirement that a court order be issued "after" a hearing because under Colorado law, the protective order is applicable before the defendant has an "opportunity to participate" in a hearing. (Doc. 33 at 5).

The Government, relying on *United States v. Young*, 458 F.3d 998 (9th Cir.

2006) and the minimal requirements needed to meet the "opportunity to participate" provision, argues that Colorado's mandatory imposition of the protective order did not prevent Wipf from objecting to or being heard at an arraignment he and his counsel were present for. Further, the Government relies on Colorado's statutory scheme governing protective orders, which allows defendants to challenge the order at "any time." (Doc. 28 at 7). Finally, the Government argues that Colorado's protection order comports with public policy supporting laws that protect the public from individuals deemed dangerous. The Government concludes it would be counterintuitive for the Court to categorically exempt defendants subject to mandatory protection orders from § 922(g)(8) given this public policy. (*Id.* at 8). The Court will review the parties' arguments in turn.

A.    *"Opportunity to Participate"*

"From the plain text of the statute 'actual participation' is not necessary; the statute requires only the mere '*opportunity* to participate'" and the requirement is a "'minimal one.'" *Young*, 458 F.3d at 1009. The defendant's presence at the hearing and dialogue with the sitting judge will often suffice to meet the "opportunity to participate" requirement. *Id.*

For example, in *Young*, the defendant, Brad Young, was found guilty by jury of violating § 922(g)(8) in federal district court after law enforcement found a firearm in his pocket while he was subject to a Domestic Violence No Contact

("DVNC") order out of Washington. Young motioned for acquittal and the district court overturned the jury verdict, concluding there was insufficient evidence that Young's DVNC order met the requirements of § 922(g)(8). *Id.* at 1003.

In Washington, the state court judge had issued two DVNC orders against Young. First, at a preliminary hearing where the defendant and the judge "engaged in a lengthy dialogue." *Id.* at 1001, 1009. And second, at Young's arraignment. Young did not have an attorney present and when asked whether he understood the new DVNC, Young responded, "No problem." *Id.* at 1008.

Based on the state hearings, the federal district court concluded that "the jury should have been instructed more clearly concerning the factors it needed to consider in determining whether [] Young received a meaningful opportunity to participate." *Id.* at 1004 (internal quotations omitted). For example: (1) whether Young understood he was bound by the second DVNC given that he did not have opportunity to consult with his attorney, (2) that he was not asked whether he disputed the police report, (3) that he was not asked if he had evidence to present, and (4) that he was not asked if objected to the issuance of the DVNC order. *Id.* at 1008–09.

On appeal, Young argued that § 922(g)(8)(A) required "actual participation" in a hearing. *Id.* at 1008. The Ninth Circuit disagreed finding that Young's presence at the arraignment and discussion with the judge was enough to satisfy the minimal

requirements contemplated by the plain language of § 922(g)(8)(A). The Court concluded that, "the prosecution must only show an opportunity to participate; that is, a proceeding during which the defendant *could* have objected to the entry of the order or otherwise engaged with the court as to the merits of the restraining order." *Id.* at 1009.

Here, based on *Young*, the Court finds that the Government has met its burden as to Wipf. First, like Young, Wipf was present at the arraignment when Judge Shamis issued the protective order and has not presented evidence showing that he could not have further participated in the hearing. *See id.* Second, like Young, Judge Shamis stated in open court that he was imposing a protective order. Wipf clarified with Judge Shamis that a protective order had been issued against him and proceeded to engage in dialogue with Judge Shamis. *See id.* Finally, unlike Young, Wipf had the benefit of counsel who could have objected to or otherwise would know how to engage with the court as to the merits of the restraining order. *See, e.g.*, Colo. Rev. Stat. § 18-1-1001(3)(a) (Colorado law permits a defendant to apply to modify or dismiss the protection order "at any time.").

Any evidence that Wipf "chose not to participate more fully is not relevant to the understanding of whether he had an 'opportunity to participate.'" *See Young*, 458 F.3d at 1009; (*See* Doc. 20 at 7). This includes Wipf's assertion that "[a] mandatory protection order is essentially the imposition of a protection order ex

parte." (Doc. 20 at 8). Unlike a protection order issued ex parte, the mandatory protection order was not in effect until Wipf attended the hearing. Colo. Rev. Stat. § 18-1-1001(1), (2) ("There is created a mandatory protection order . . . which remains in effect from the time that the person is advised of the person's rights at arraignment or the first appearance before the court . . . ." "At the time of arraignment or the person's first appearance before the court, the court shall inform the defendant of the protection order . . . ."). Thus, unlike an ex parte order, there was no effective protective order until Wipf showed up for his hearing.

In sum, because Wipf and his attorney were present at his hearing and he engaged in dialogue with Judge Shamis, the Court finds that § 922(g)(8)(A)'s minimal requirement is met and Wipf had an "opportunity to participate" at his hearing.

## B.    Issuance of the Protective Order

Next, Wipf contends that he did not have an "opportunity to participate" before the protective order was issued. Because the protective order predates the hearing, Wipf argues that § 922(g)(8)(A) is not satisfied.

The Court agrees with Wipf that § 922(g)(8) makes it unlawful for a person to possess a firearm "who is subject to court order that was issued *after* a hearing." 18 U.S.C. § 922(g)(8)(A) (emphasis added). However, after reviewing applicable Colorado law and the facts of Wipf's case, the Court finds that Wipf's arraignment

meets all § 922(g)(8)(A) requirements.

The Court presumes that "terms not defined should be given their common, everyday meaning." *Young*, 458 F.3d at 1007 (citing *Chapman v. United States*, 500 U.S. 453, 462 (1991) (concluding that terms "must be given their ordinary meaning" where "[n]either the statute nor the Sentencing Guidelines define the terms 'mixture' and 'substance,'" and where they do not "have any established commonlaw meaning")). Colorado law states:

> There is created a mandatory protection order against any person charged with a criminal violation of any provision of this title 18, which order remains in effect from the time that the person is advised of the person's right at arraignment or the person's first appearance before the court and informed of such order until final disposition of the action.

Colo. Rev. Stat. § 18-1-1001(1). The terms "created," "in effect," and "informed" should be given their plain meaning as they are not defined in the statute.

Unlike § 922(g)(8)(A), the Colorado statutory scheme governing mandatory protection orders does not use the term "issued." Rather, Colorado's protection order is "created" when a person violates title 18 but it does not come into "effect" until the person appears in court and is "informed" of the order.

Unlike an order that takes "effect," a court order is generally "issued" when it is formally entered by the court. For example, a court may "issue" an order that takes "effect" at a subsequent time. This distinction is relevant to dispute Wipf's claim that the issuance of Colorado's protective order predates his hearing. (Doc.

33 at 5).

Wipf's hearing began with his attorney waiving a formal reading of rights and charges. (Doc. 20-1 at 2). After the parties discussed setting bond, Judge Shamis identified the protective order filed by the prosecutor. At this time, the protective order had been "created" by Colorado law. Once Judge Shamis identified the order, he stated on the record that he would impose the mandatory protection order. Judge Shamis read the terms of the order on the record. Under Colorado law, the protective order was now "effect." Though the protective order document (Doc. 20-3) was not filed until 14 days after the hearing, the Court finds that Judge Shamis "issued" the order on the record when he read the terms of the order into the record. Thus, the protective order was contemporaneously in "effect" and "issued" at the hearing. Particularly, the order did not predate the hearing as Wipf suggests.

Though Wipf may contend that this contemporaneous act does not satisfy the statute's requirements, the Court notes that the objective and "explicit requirement" of § 922(g)(8) is the person's notice of a hearing for which the person is given the "opportunity to participate." *See Young*, 458 F.3d at 1005. (In discussing the applicability of due process to § 922(g)(8) hearings, the Ninth Circuit opined, "§ 922(g)(8)'s only explicit requirement is that the defendant have received a hearing of which he had actual notice and an opportunity to participate."). Based on the analysis above, Wipf had both.

Therefore, the Court finds that the requirements contemplated by §

922(g)(8)(A) are met in this case and the Government has properly stated an offense

against Wipf.

## IV.    Conclusion

IT IS ORDERED that Defendant Joseph David Wipf's Motion to Dismiss

(Doc. 19) is DENIED.

DATED this $\underline{10}^{th}$ day of June, 2025.

SUSAN P. WATTERS
United States District Judge

11