IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH DAVID WIPF,<br><br>Defendant. | CR 24-104-BLG-SPW<br><br>AMENDED ORDER ON DEFENDANT'S MOTION TO DISMISS |

On June 10, 2025, the Court issued an Order (Doc. 38) denying Defendant Joseph Wipf's Motion to Dismiss (Doc. 19). Upon reconsideration, the Court strikes its prior Order for the following reasons.

The Indictment alleges that on or about January 12, 2024, Wipf, "knowing he was subject to a court order, issued after a hearing of which he received actual notice, and at which he had an opportunity to participate" possessed a firearm in and affecting interstate commerce in violation of 18 U.S.C. § 922(g)(8). (Doc. 2). Wipf moved to dismiss the Indictment under Federal Rules of Criminal Procedure 12(b)(1) and 12(b)(3)(B)(v) alleging the Government failed to state an offense. Specifically, Wipf argued that Colorado's imposition of a mandatory protective order does not meet the federal hearing requirements under § 922(g)(8)(A) because the mandatory nature of the order precluded him from the "opportunity to

1

participate" in a hearing. (Doc. 20 at 5).

"In ruling on a pretrial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "[T]he court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id.* "The indictment either states an offense or it doesn't." *Id.* "To ensure that 'the respective provinces of the judge and jury are respected, 'a Rule 12(b)(3)(B)(v) motion to dismiss 'cannot be used as a device for a summary trial of evidence.'" *United States v. DeFrance*, 577 F. Supp. 3d 1085, 1091 (D. Mont. 2021) (citing *Boren*, 275 F.3d at 914). To that end, "[t]he Court should not consider evidence not appearing on the face of the indictment." *Boren*, 275 F.3d at 914).

Upon reflection, the Court finds that it erred in its prior Order when it considered evidence filed by Wipf and made certain factual findings as to his "opportunity to participate." To ensure that the respective provinces of judge and jury are respected, the Court strikes its prior Order (Doc. 38). *See Boren*, 278 F.3d at 914.

Upon reconsideration, the Court finds the Indictment sufficiently alleges a cognizable offense against Wipf. The Indictment plainly lays out the statutory elements of the alleged violation and is accompanied by sufficiently specific facts

"to inform the defendant of the crime charged, enable him to prepare a defense, and allow him to plead double jeopardy in the future." *DeFrance*, 577 F. Supp. 3d at 1092. Importantly, the Court finds there is sufficient information for Wipf to prepare a defense, including a defense that the issuance of the predicate mandatory protective order does not meet the requirements of § 922(g)(8).

To the extent Wipf set forth solely a legal argument in his original Motion, the Court rejects Wipf's assertion that Colorado's mandatory protection order prevented him from being afforded an "opportunity to participate" at a hearing. Colorado law states:

> There is created a mandatory protection order against any person charged with a criminal violation of any provision of this title 18, which order remains in effect *from the time that the person is advised of the person's right at arraignment or the person's first appearance before the court and informed of such order* until final disposition of the action.

Colo. Rev. Stat. § 18-1-1001(1) (emphasis added).

Whether a person is afforded a hearing under Colorado law is affirmatively answered by the plain language of the statute. Though the protective order is mandatory, it is not *effective* until a person appears in court and is informed of the order. An arraignment or first appearance would certainly qualify as a hearing. Whether Wipf was afforded an "opportunity to participate" at his appearance is an element the Government must prove beyond a reasonable doubt at trial.

Similarly, the Court rejects Wipf's assertion that there is no "opportunity to

3

participate" before a protective order is issued. (Doc. 33). Unlike § 922(g)(8), the Colorado statutory scheme governing mandatory protection orders does not use the term "issued." Rather, Colorado's protection order is "created" when a person violates state code title 18 but it does not come into "effect" until the person appears in court and is "informed" of the order. A court order is generally "issued" when it is formally entered by the court. It is thus plausible that a formal entry of the protective order is not issued until after the person appears in court. Whether the Colorado judge issued a protective order *after* Wipf's hearing is an element the Government must prove beyond a reasonable doubt at trial.

Looking at only the four corners of the Indictment, the Court finds that the factual allegations adequately state a violation of 18 U.S.C. § 922(g)(8) and therefore, Wipf's Motion to Dismiss (Doc. 19) is denied. Accordingly, IT IS ORDERED that:

1. The June 10, 2025 Order (Doc. 38) is STRICKEN,

2. Wipf's Motion to Dismiss (Doc. 19) is DENIED, and

3. Wipf's Unopposed Motion for Clarification (Doc. 40) is DENIED AS MOOT.

DATED this 17th day of June, 2025.

_Susan P. Watters_
SUSAN P. WATTERS
United States District Judge